UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23746-CIV-ALTONAGA/Reid

**FRANTZ SILVENE**,

    Movant,
v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Movant, Frantz Silvene's Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 1], filed on September 9, 2019. On September 16, 2020, following an evidentiary hearing (*see* Min. Entry [ECF No. 22]), Judge Lisette M. Reid[1] entered her Report of Magistrate Judge [ECF No. 26], recommending the Motion be denied and no certificate of appealability issue. Movant filed timely Objections [ECF No. 29]; to which Respondent filed a Response [ECF No. 31].

The Court assumes the reader's familiarity with the facts and procedural history of this case, which are detailed in the Report. (*See* Report 1–6). In his Motion, Movant alleges three claims for relief: (1) trial counsel was ineffective for failing to consult with him or file a notice of appeal ("Claim 1"); (2) he is not responsible for all the acts of his co-conspirators because the alleged acts were not jointly undertaken or reasonable foreseeable ("Claim 2"); and (3) trial

---

[1] The Clerk referred the case to Magistrate Judge Reid under Administrative Order 2019-2 for a report and recommendation on any dispositive matters. (*See* [ECF No. 2]).

counsel was ineffective by overlooking a meritorious statute-of-limitations defense and a valid suppression-of-evidence issue ("Claim 3"). (*See generally* Mot.).

The Magistrate Judge disagrees, recommending the Court deny Movant's Motion. (*See generally* Report). In a through and well-reasoned Report, Judge Reid finds: (1) trial counsel was not constitutionally ineffective in failing to file a direct appeal or consult with Movant about an appeal (*see id.* 9–10); (2) Movant's co-conspirator argument is "factually unsupported, conclusory, and contradicted by the record" (*id.* 11–12); (3) trial counsel did not deficiently fail to file a motion to suppress (*see id.* 12–15); and (4) Movant's statute-of-limitations contention "lacks merit" (*id.* 16). In addition to these conclusions, and following an evidentiary hearing on Claim 1, Judge Reid made credibility determinations, finding Movant's testimony "incredible" and "inconsisten[t]" (*id.* 8 (alteration added)); while concluding trial counsel's testimony was "credible" and "support[ed]" by "the record" (*id.* 9 (alteration added)). As noted, Movant objects.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Movant raises three specific objections to the Report, and so the Court reviews those issues *de novo*. (*See generally* Objs.); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue." (citations omitted)).

Movant objects to the Magistrate Judge's (1) credibility determinations (*see* Objs. 1–3); (2) finding that trial counsel "did not fail to provide a constitutional ineffective representation in terms of the duty to consult about an appeal when a limited appeal waiver exists" (*id.* 3–5); and (3) conclusion that a "certificate of appealability should not issue about whether the trial attorney failed to provide a constitutionally ineffective representation in terms of the duty to consult about

an appeal when a limited appeal waiver exists" (*id.* 3, 6).

*Strickland v. Washington* establishes an exceedingly high bar for demonstrating counsel was ineffective under the Sixth Amendment. 466 U.S. 668 (1984). To prevail, a defendant must prove: (1) his attorney performed in a professionally deficient manner, and (2) the deficient performance caused prejudice in the case. *See id.* at 687. In evaluating attorney performance, judges "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689 (alteration added; citation omitted). To show prejudice, a criminal defendant must show by "a probability sufficient to undermine confidence in the outcome[,]" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (alteration added).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (alteration added; citations omitted). Even where a criminal defendant does not expressly ask his counsel for an appeal of his conviction, a court applying the *Strickland* inquiry must consider whether counsel consulted with the defendant about the possibility of an appeal. *See Patel v. United States*, 252 F. App'x 970, 972–73 (11th Cir. 2007) (citing *Flores-Ortega*, 528 U.S. at 478). If counsel has consulted with the defendant, counsel performs in "a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484 (alteration added). The Eleventh Circuit has held the reasoning of *Flores-Ortega* applies "with equal force" where the defendant has waived his appellate rights. *Gomez-Diaz v. United States*, 433 F.3d 788,

793 (11th Cir. 2005).

Movant first objects to the Magistrate Judge's credibility determinations, arguing he "specifically instructed [] trial counsel to file a Notice of Appeal as to both the conviction and sentence, as he was upset and unhappy with the result, at court and the jail[.]" (Objs. 3 (alterations added); *see also id.* 1–3). The Magistrate Judge held an evidentiary hearing and credited trial counsel's testimony that Movant advised he did not want to appeal after consulting with her a week after sentencing. (*See* Report 7). The court discredited Movant's testimony, as it differed from his statements in his Declaration [ECF No. 23-1] and appeared "manufactured . . . to support" Claim 1. (Report 8–9 (alteration added)). In doing so, the Magistrate Judge noted "the inconsistency, vagueness, and implausibility of [M]ovant's testimony" and "his unsteady demeanor" (*id.* 9 (alteration added)); while explaining trial counsel's testimony was "coherent" and supported by the record, her experience, and professional practices (*id.*). After a careful review of the record, the Court discerns no reason — nor does Movant offer a basis — to question the Magistrate Judge's credibility determinations. *See Levy v. United States*, 665 F. App'x 820, 825 (11th Cir. 2016) ("In light of the substantial deference [] give[n] to factfinders on issues of witness credibility, [the court] cannot say the district court clearly erred in crediting defense counsel's testimony that [movant] never gave him specific instructions to appeal." (alterations added)); *United States v. Cofield*, 272 F.3d 1303, 1305 (11th Cir. 2001) ("[A] district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." (alteration added; citation omitted)).

Movant next contends trial counsel's consultation regarding an appeal "was ineffective as it did not sufficiently weigh the benefits and detriments of filing an appeal when a limited waiver exists[.]" (Objs. 3 (alteration added)). The Court disagrees.

4

The Report concludes (1) trial counsel fulfilled her duty to consult with Movant about pursuing an appeal when she discussed appealable issues, explained the time frame for appealing, and advised there was no basis on which to appeal; (2) Movant decided not to appeal; and (3) Movant never instructed trial counsel to pursue an appeal. (*See* Report 10). The Court agrees with the Report's factual and legal conclusions. Trial counsel, the more credible witness, testified she met with Movant after the sentencing hearing, and that Movant advised he did not want to file an appeal. *See Flores-Ortega*, 528 U.S. at 477 (stating "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently" (original emphasis; citation omitted)).

Even if Movant did not explicitly tell his attorney not to file an appeal, the Report correctly finds counsel's consultation with the Movant concerning an appeal was adequate. (*See* Report 10). As the Report notes, trial counsel fulfilled her duty to consult with Movant about an appeal when she (1) met with Movant about pursuing an appeal a week after sentencing; (2) advised Movant he could appeal; (3) discussed whether any appealable issues existed; (4) explained the time frame to file an appeal; and (5) expressed that she did not see any appealable issues. (*See id.*); *see also Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) ("[A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." (alteration added; original emphasis; citation omitted)). Movant's suggestion that trial counsel's consultation regarding an appeal was incomplete — by merely listing aspects of an appeal Movant claims should have been discussed — is unavailing, especially given that Movant expressed his desire not to appeal. (*See* Objs. 2–3, 5); *see also Caicedo-Avila v. United States*, No. 17-cr-286,

2020 WL 377879, at *6 (M.D. Fla. Jan. 23, 2020) (finding the petitioner's listing of several aspects of an appeal that should have been addressed by trial counsel without considering the record and sentence to be "without merit, if not frivolous"). Movant's second objection is overruled.

Movant further contends "a certificate of appealability should issue . . . under the totality of the circumstance[.]" (Objs. 6 (alterations added)). A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (citations omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has rejected a claim on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, the Court agrees with the Report and denies a certificate of appealability.

As to the Report's detailed conclusions on Claims 2 and 3, which Movant lodges no specific objection to (*see generally* Objs.), the Court finds no clear error in the Magistrate Judge's analysis (*see* Report 11–18). The Court agrees Claim 2 is "factually unsupported, conclusory, and contradicted by the record[,]" especially given the agreed facts set forth in the stipulated factual proffer. (Report 11–12 (alteration added)). Similarly, regarding Claim 3, the Court agrees trial counsel did not deficiently fail to file a motion to suppress (*see id.* 12–15), and Movant's statute-of-limitations contention is without merit (*see id.* 16).

The undersigned has reviewed the Report, record, and applicable law *de novo* as to Claim

1, and for clear error as to Claims 2 and 3. In light of that review, the undersigned agrees with the Report's recommendations.

Accordingly, it is **ORDERED AND ADJUDGED** that the Report **[ECF No. 26]** is **ACCEPTED AND ADOPTED** as follows:

1. Movant, Frantz Silvene's Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody **[ECF No. 1]** is **DENIED**.

2. No certificate of appealability shall issue.

3. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

4. A final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 27th day of October, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Magistrate Judge Lisette M. Reid